**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Mujahid A. Thomas,<br>Plaintiff<br>vs.<br>Findlay-Schneider, LLC,<br>Defendant. | Case No. 2:25-cv-01698-APG-MDC<br><br>**ORDER DENYING MOTION FOR SETTLEMENT CONFERENCE (ECF NO. 57) WITHOUT PREJUDICE** |

*Pro se* plaintiff filed a *Motion for Settlement Conference* ("Settlement Motion") (ECF No. 57). Plaintiff seeks to set this case for a settlement conference. The Court **DENIES** plaintiff's Settlement Motion without prejudice for the reasons below.

Defendant opposes plaintiff's Motion, requesting that the issue of a settlement conference be revisited if any of plaintiff's claims survive defendant's pending *Motion for Summary Judgment* ("Summary Judgment Motion") (ECF No. 44). *ECF No. 58*. "The Court generally does not grant motions for settlement conferences that are opposed." *McCarty v. Roost*, No. 2:11-cv-01538-JCM-NJK, 2013 WL 5436578, at *2 (D. Nev. September 27, 2013). Furthermore, "this court lacks the authority to force parties into settlement." *Hammond v. Tomasek*, No. 2:24-CV-00310-JAD-EJY, 2025 WL 1827106, at *2 (D. Nev. July 1, 2025)

Plaintiff also identifies no specific prejudice to convince Court to set a settlement conference while defendant's Summary Judgment Motion is still pending and defendants oppose such a conference. Given the foregoing, the Court finds that a settlement conference would not be fruitful at this time and plaintiff's request is denied without prejudice. *See id.* Parties may file a stipulation or motion regarding setting a settlement conference in this matter if any of plaintiff's claims survive defendant's Summary Judgment Motion.

ACCORDINGLY,

**IT IS ORDERED** that:

Plaintiff's *Motion for Settlement Conference* (ECF No. 57) is **DENIED** without prejudice.

Dated: October 28, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.